IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN RAY CHEEK, Petitioner, | § § § | |
| VS. | § § | Civil Action No. 4:13-CV-068-Y |
| RODNEY W. CHANDLER, Warden, FCI-Fort Worth, Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner John Ray Cheek, Reg. No. 42969-177, is a federal prisoner incarcerated in the Federal Correction Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rodney W. Chandler is Warden of FCI-Fort Worth, Texas. No service has issued upon respondent.

C. PROCEDURAL HISTORY

On October 14, 2011, petitioner pleaded guilty to one count of bank robbery and one count of using, carrying, and brandishing a firearm during or in relation to a crime of violence in the United States District Court for the Northern District of Texas, Dallas Division. *United States v. Cheek*, PACER, U.S. Party/Case Index, Criminal Docket for Case # 3:11-CR-00157-D-1 (docket entry for 10/14/2011). On January 20, 2012, petitioner was sentenced to a term of 57 months imprisonment for bank robbery and a term of 84 months for brandishing a firearm. *Id.*, docket entry for 01/20/2012.

Petitioner appealed his convictions and/or sentences, to no avail. *Id.*, (docket entry no. 33); *United States v. Cheek*, No. 12-10113, 2013 WL 238782, at *1 (5th Cir. Jan. 22, 2013) (not designated for publication) (appeal dismissed as frivolous under *Anders v. California*, 386 U.S. 738 (1967)). He also filed a previous § 2241 petition in this court, identical to the instant petition, which was construed as a § 2255 motion and transferred to the Dallas Division. *Cheek v. Thaler*, PACER, U.S. Party/Case Index, Civil Docket for Case # 4:12-CV-540-A & Case # 3:12-CV-04273-D. The Dallas court dismissed the motion without prejudice as petitioner's appeal remained pending at that time. This petition for writ of habeas corpus under § 2241 was filed in this district, where petitioner continues to serve his federal sentences. He claims he is actually innocent of his sentences. (Pet. at 1-7)

D. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[1] The Court

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:
(continued...)

of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

Typically § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Relief under this section is warranted for any error that occurred at or prior to sentencing. *Id.* Section 2255 channels collateral attacks by federal prisoners to the sentencing court, rather than to the court in the district of confinement, as § 2241 requires, so that they can be addressed more efficiently. *Reyes-Requena*, 243 F.3d at 901 n.18 (quoting *Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997)).

A § 2241 petition attacking a federally imposed sentence may be considered only if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality

---

[1](...continued)
   A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

   The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet his burden, petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001). The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000). Petitioner has neither alleged nor demonstrated that he can meet this standard. Moreover, petitioner's claim that he is actually innocent of the sentences is not a claim of actual innocence of the crimes of conviction and, thus, does not warrant review under § 2241. *Kinder v. Purdy,* 222 F.3d 209, 213-14 (5th Cir. 2000).

Petitioner's attack on his sentences is not cognizable in a petition for writ of habeas corpus brought pursuant to § 2241. His collateral attack must be asserted in a § 2255 motion, and the only court with jurisdiction to determine such a motion is the convicting court. Because petitioner may not assert the claim raised in this court, the petition should be dismissed for lack of jurisdiction.

## II. RECOMMENDATION

It is recommended that this petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 26, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February 26, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February __5__, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE